IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JOSEPH DAVID SMITH,**

        Plaintiff,

  vs.                                    Civil Action 2:13-cv-430
                                            Judge Graham
                                            Magistrate Judge King

**COMMISSIONER OF SOCIAL SECURITY,**

        Defendant.

**REPORT AND RECOMMENDATION**

**I. Background**

This is an action instituted under the provisions of 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security denying plaintiff's application for a period of disability and disability insurance benefits. This matter is now before the Court for consideration of *Plaintiff, Joseph D. Smith's Statement of Errors* ("*Statement of Errors*"), Doc. No. 13, and the Commissioner's *Opposition to Plaintiff's Statement of Errors*, Doc. No. 20. Plaintiff has not filed a reply.

Plaintiff Joseph David Smith filed his application for benefits on May 7, 2010, alleging that he has been disabled since February 5, 2008. *PAGEID* 237. The application was denied initially and upon reconsideration, and plaintiff requested a *de novo* hearing before an administrative law judge.

An administrative hearing was held on February 21, 2012, at which plaintiff, represented by counsel, appeared and testified, as did Betty Hale, who testified as a vocational expert. *PAGEID* 103. In a decision

dated February 24, 2012, the administrative law judge concluded that plaintiff was not disabled from February 5, 2008, through the date of the administrative decision. *PAGEID* 83-97. That decision became the final decision of the Commissioner of Social Security when the Appeals Council declined review on March 20, 2013. *PAGEID* 72-74.

Plaintiff was 61 years of age on the date of the administrative law judge's decision. *See PAGEID* 97, 237. He has a limited education, is able to communicate in English, and has past relevant work as an off-bearer veneer worker, radial arm saw operator/feeder, and forklift operator. *PAGEID* 95-96. Plaintiff was last insured for disability insurance benefits on June 30, 2012. *PAGEID* 85. He has not engaged in substantial gainful activity since February 5, 2008, his alleged date of onset of disability. *Id*.

**II. Administrative Decision**

The administrative law judge found that plaintiff's severe impairments consist of degenerative disc disease, coronary artery disease, and hearing loss. *PAGEID* 86. The administrative law judge also found that plaintiff's impairments neither meet nor equal a listed impairment and leave plaintiff with the residual functional capacity ("RFC") to

> perform light work as defined in 20 CFR 404.1567(c) except the claimant can perform frequent crouching, stooping, climbing stairs, and climbing ramps, can occasionally balance, is limited to a supervised, low stress environment, and can have no exposure to hazards such as dangerous machinery, unprotected heights, scaffolding, ropes, or ladders.

*PAGEID* 87-89. The administrative law judge relied on the testimony of the vocational expert to find that plaintiff was able to perform his past

relevant work as an off-bearer "as he performed it," despite his limitations. *PAGEID* 95. The administrative law judge also found that plaintiff was capable of performing a significant number of other jobs in the national economy, including such jobs as hand packer and material handler. *PAGEID* 96. Accordingly, the administrative law judge concluded that plaintiff was not disabled within the meaning of the Social Security Act from February 5, 2008, through the date of the administrative decision. *PAGEID* 97.

**III. Discussion**[1]

Pursuant to 42 U.S.C. § 405(g), judicial review of the Commissioner's decision is limited to determining whether the findings of the administrative law judge are supported by substantial evidence and employed the proper legal standards. *Richardson v. Perales*, 402 U.S. 389 (1971); *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Buxton v. Haler*, 246 F.3d 762, 772 (6th Cir. 2001); *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981). This Court does not try the case *de novo*, nor does it resolve conflicts in the evidence or questions of credibility. *See Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

---

[1] Plaintiff's *Statement of Errors* challenges the administrative law judge's failure to include in the RFC determination a limitation related to plaintiff's use of a cane to walk, the administrative law judge's finding that plaintiff is able to perform his past relevant work, and in failing to find plaintiff disabled pursuant to Grid Rule 202.06. *Statement of Errors*, pp. 4-6. The Court will therefore limit its discussion to these issues.

In determining the existence of substantial evidence, this Court must examine the administrative record as a whole. *Kirk*, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if this Court would decide the matter differently, *see Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion. *Longworth*, 402 F.3d at 595.

Plaintiff argues, first, that the administrative law judge failed to properly incorporate in her RFC assessment a limitation relating to plaintiff's use of a cane. *Statement of Errors*, pp. 5-6. An RFC determination is an indication of an individual's work-related abilities despite his limitations. *See* 20 C.F.R. § 404.1545(a). The RFC is an administrative finding of fact reserved to the Commissioner. 20 C.F.R. §§ 404.1527(d)(2), (3); *Edwards v. Comm'r of Soc. Sec.*, 97 F. App'x 567, 569 (6th Cir. 2004). The RFC finding represents the most, not the least, that a claimant can do despite his impairments. 20 C.F.R. §§ 404.1545(a); *Griffeth v. Comm'r of Soc. Sec.*, 217 F. App'x 425, 429 (6th Cir. 2007). In assessing a claimant's RFC, an administrative law judge must consider all relevant record evidence, including medical source opinions, as to the severity of a claimant's impairments. *See* 20 C.F.R. §§ 404.1527(d), 404.1545(a). Furthermore, courts have stressed the importance of medical opinions to support a claimant's RFC, and have cautioned administrative law judges against relying on their own expertise in drawing RFC conclusions from raw medical data. *See Isaacs v. Astrue*, No. 1:08-CV-828, 2009 WL

3672060, at *10 (S.D. Ohio Nov. 4, 2009) (quoting *Deskin v. Comm'r Soc. Sec.*, 605 F.Supp.2d 908, 912 (N.D. Ohio 2008)).

In the case presently before the Court, the administrative law judge found that plaintiff had the RFC for light work, except that he "can perform frequent crouching, stooping, climbing stairs, and climbing ramps, can occasionally balance, is limited to a supervised, low stress environment, and can have no exposure to hazards such as dangerous machinery, unprotected heights, scaffolding, ropes, or ladders." *PAGEID* 89. In making this RFC assessment, the administrative law judge gave significant weight to the opinion of Robert Thompson, M.D., a consultative examiner,[2] and assigned "little weight" to the opinions of state agency physicians Diane Manos, M.D., and Willa Caldwell, M.D.[3] *PAGEID* 93-94. Plaintiff has not challenged the administrative law judge's evaluation of the medical opinions and he has not pointed to any opinion of greater limitations than those found by the administrative law judge. Moreover, plaintiff has not referred to any medical evidence in the record that he required a cane to walk. Plaintiff did testify at the administrative hearing that he used a cane. *See PAGEID* 116. However, the administrative law judge found that plaintiff's statements were "not credible to the extent they are inconsistent with the [RFC] assessment." *PAGEID* 91. Notably, plaintiff has not challenged the administrative law judge's finding in this regard.

---

[2] As a one-time consultative examiner, Dr. Thompson is properly classified as a nontreating source. *See* 20 C.F.R. § 404.1502 ("Nontreating source means a physician, psychologist, or other acceptable medical source who has examined [the claimant] but does not have, or did not have, an ongoing treatment relationship with [the claimant].").

[3] Drs. Manos and Caldwell are classified as nonexamining sources. *See* 20 C.F.R. § 404.1502 (A nonexamining source is "a physician, psychologist, or other acceptable medical source who has not examined [the claimant] but provides a medical or other opinion in [the claimant's] case.").

Accordingly, the administrative law judge did not err in failing to include a limitation based on a medical need for a cane.

Plaintiff next argues that the administrative law judge erred in finding that plaintiff is capable of performing his past relevant work as an off-bearer veneer worker. *Statement of Errors*, pp. 4-5. Specifically, plaintiff argues that, because the job of off-bearer is properly classified as medium work, it was error for the administrative law judge to find that plaintiff, who had an RFC for only light work, was capable of performing that work. *Id*. Plaintiff's argument is not well taken.

The vocational expert testified at the administrative hearing that plaintiff has past relevant work as an order puller, forklift driver, "offbearer for the veneer press," and "work operating the radial saw." *PAGEID* 128. The vocational expert testified that, according to the Dictionary of Occupational Titles ("DOT"), the order puller, forklift driver, and off-bearer veneer work were classified at the medium exertional level and that the radial saw operating was classified at the light exertional level. *Id*. However, the vocational expert also testified that, based on plaintiff's testimony, the order puller and off-bearer veneer press work were performed at the light exertional level. *Id*. The vocational expert was asked to assume a claimant with plaintiff's vocational profile and the residual functional capacity eventually determined by the administrative law judge. *PAGEID* 130-31. The vocational expert responded that such an individual could not perform plaintiff's past relevant work, as that work is defined in the DOT, but that such an individual could perform plaintiff's past relevant "order

6

pulling work and the press operator in the veneer factor [sic] offbearer based on [plaintiff's] testimony and the way it's listed." *Id*. The vocational expert also testified that such an individual would be able to perform such jobs as small products assembler and inspecter, which are both classified at the light exertional level. PAGEID 131.

The administrative law judge relied on the testimony of the vocational expert and expressly found that plaintiff is able to perform his past relevant work as an off-bearer "as he performed it." PAGEID 95. Plaintiff's arguments to the contrary notwithstanding, the administrative law judge did not find that plaintiff was able to perform work at the medium exertional level. Instead, the vocational expert testified, and the administrative law judge found, that plaintiff performed his past relevant off-bearer work at the light exertional level. *See* PAGEID 95, 128. Accordingly, the administrative law judge's determination that plaintiff could perform his past relevant off-bearer work "as he performed it," *i.e.*, at the light exertional level, was not inconsistent with the RFC determination that plaintiff is limited to a reduced range of light work.

Finally, plaintiff argues that the administrative law judge erred in failing to find plaintiff disabled pursuant to Medical-Vocational guidelines (otherwise known as the "Grid") Rule 202.06, 20 C.F.R. Pt. 404, Subpt. P, App. 2. *Statement of Errors*, p. 5. Plaintiff's reliance on the Grid Rules is misplaced; the Grid Rules apply only if a claimant is "not doing substantial gainful activity and is prevented by a severe medically determinable impairment from doing vocationally relevant past work." 20 C.F.R. § 404.1569. As discussed *supra*, the administrative law judge found

7

that plaintiff was capable of performing his past relevant work as an off-bearer. Accordingly, the Grid Rules were inapplicable to plaintiff's claim.

In short, the Court concludes that the administrative law judge applied all proper standards and that her decision is supported by substantial evidence. It is therefore **RECOMMENDED** that the decision of the Commissioner be **AFFIRMED** and that this action be **DISMISSED**.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Fed'n of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

January 17, 2014                                     *s/Norah McCann King*
                                          Norah M<sup>c</sup>Cann King
                                       United States Magistrate Judge